UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-12-DLB-CJS

CARLTON T. GALLMAN                                                              PLAINTIFF

v.                               **ORDER AND**
                             **REPORT AND RECOMMENDATION**

AMANDA PHIPPS, et al.                                         DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This *pro se* prisoner civil rights action has been referred to the undersigned to conduct "pretrial proceedings, including overseeing the discovery process and preparing proposed findings of fact and conclusions of law on any dispositive motions." (R. 30). Defendant Wellpath LLC's Motion to Dismiss and Renewed Motion to Dismiss (R. 41; R. 53) and certain of Plaintiff Carlton T. Gallman's motions requesting various relief are presently before the Court for review (R. 43; R. 45; R. 48; R. 50; R. 52).

Certain of the parties' motions are non-dispositive in nature, and the Court will handle them by order below. As for dispositive relief, the Court will recommend that Wellpath's Motions to Dismiss (R. 41; R. 53) be denied and that Gallman's motion requesting injunctive relief as to Medication-Assisted Treatment ("MAT") (R. 43) be denied as moot.

I.        **BACKGROUND**

In January 2025, Gallman initiated this action through the filing of a Civil Rights Complaint to be used by a Pro Se Prisoner under 42 U.S.C. § 1983. (R. 1). Because Gallman's original complaint did not meet minimum pleading standards, the Court gave him an opportunity

to file a revised complaint using a Court-approved form. (R. 7). Gallman then filed an Amended Complaint using the proper form (R. 10), which complaint was preliminarily screened by Chief District Judge David L. Bunning (R. 12).

As Chief Judge Bunning observed upon that preliminary screening:

> Gallman's claims concern his treatment for medical conditions including endocarditis, osteomyelitis, and drug addiction while confined at [the Eastern Kentucky Correctional Complex]. Simply stated, Gallman alleges that medical providers Amanda Phipps, Karrington Gullett,[1] and Whitney Wilson failed to properly treat his serious medical problems and that their employer, Wellpath LLC, has policies of denying treatment and failing to train its employees. Gallman claims that Cookie Crews, the Director of the Kentucky Department of Corrections ("KDOC"), failed to provide necessary medical treatment to him and maintains a policy of refusing such treatment to inmates for nonmedical reasons. Gallman alleges that the defendants' actions constitute deliberate indifference to his serious medical needs, violations of his right to equal protection, negligence, gross negligence, and a violation of the Americans with Disabilities Act. *See* 42 U.S.C. § 12132. For relief, Gallman seeks monetary damages and injunctive relief in the form of "prescribed M.A.T. as order[ed] by U.K.M.C."

(*Id.* at Page ID 325).[2] Chief Judge Bunning found Gallman's claims against Phipps, Gullett, Wilson, Wellpath, and Crews survived preliminary review and ordered those Defendants to be served. (*See id.*). At that time, a motion by Gallman seeking injunctive relief regarding MAT (R. 11) was denied (R. 12).

Following preliminary screening of Gallman's Amended Complaint, the procedural history of this action becomes a bit more complicated because this case was impacted by bankruptcy proceedings in which Wellpath was involved in the U.S. Bankruptcy Court for the Southern District of Texas. *See In re: Wellpath Holdings, Inc., et al.,* No. 24-90533 (S.D. Tex. B.R.).

---

[1] This individual's first name is spelled multiple ways in the record.

[2] Gallman also claims Crews denied him "programs such as grievance process, educational, disciplinary hearings, classification by failing to accommodate [him] for deaf-HOH and serious mental illness[.]" (R. 10 at Page ID 245).

2

Relevant here, before Defendants filed an Answer or otherwise responded to Gallman's Amended Complaint, Wellpath filed a "Suggestion of Bankruptcy and Notice of Stay" in this case.  (R. 18). In that filing, Wellpath asserted that, due to its status as the debtor in a voluntary Chapter 11 bankruptcy proceeding, this action against it was automatically stayed pursuant to 11 U.S.C. § 362. (*Id.*; *see also* R. 25).

The Court took note of the filing and observed that no formal motion to stay had been filed; thus, the Court set deadlines for Defendants to answer or otherwise respond to Gallman's Amended Complaint.  (R. 25).[3]  Defendants filed Answers in May 2025 (R. 27; R. 29), after which the matter was referred to the undersigned for "further pretrial proceedings, including overseeing the discovery process and preparing proposed findings of fact and conclusions of law on any dispositive motions."  (R. 30).

Also in May 2025, Wellpath filed a Status Report on its Bankruptcy Proceedings and Dischargement.  (R. 32).  That Status Report advised that the Bankruptcy Court's Confirmation Plan had been entered and was then effective and that the Debtors (*i.e.*, Wellpath) had been discharged from bankruptcy.  (*See id.*).  The Status Report provided information on the procedural steps an individual would need to take for claims against Wellpath and for claims against Wellpath employees.  (*See id.*; *see also* R. 39).  After Wellpath filed that Status Report, the Court entered an Order that contained additional information concerning those procedural steps.[4]  (R. 39).

---

[3] In this Order, Chief Judge Bunning denied another motion by Gallman for injunctive relief regarding MAT.  (R. 25 (denying R. 24)).

[4] For example, the Order advised that, to proceed with claims against Wellpath employees, an individual would need to "opt out" of the third-party release provisions contained in the Plan.  (R. 39). Notably, the record suggests that Gallman *did* opt out of the third-party releases, which means his claims against the Wellpath employees may proceed in this forum.  (*See* R. 40; R. 42 at Page ID 810 ("[T]o the best of [the Wellpath Defendants'] information and knowledge, the Plaintiff has elected to opt-out of the third-party releases of claims against non-debtor defendants under the 'Plan.'")).

3

On August 5, 2025, Wellpath filed a Motion to Dismiss. (R. 41). Gallman filed a Response to the original Motion to Dismiss (R. 47),[5] but Wellpath did not file a Reply. Instead, several months later on December 3, 2025, Wellpath filed a Renewed Motion to Dismiss, which was virtually identical to its original motion. (R. 53). Gallman filed a Response to the renewed dispositive motion (R. 56), but Wellpath again did not file a Reply.

For his part, Gallman filed a Motion for Preliminary Injunctive Relief – TRO [] to Comply with Title II of the ADA, in which he requests that the Kentucky Department of Corrections provide him with MAT. (R. 43). Commissioner Crews filed a Response to this motion (R. 46), and through a subsequent filing, Gallman advised that his request for injunctive relief pertaining to MAT is moot because he began receiving the treatment. (R. 50 at Page ID 842 ("Commissioner Crews did order review of the denial of prescribed medical treatment and the treatment was provided as prescribed which makes injunctive relief for medications moot.")).

Gallman has also filed a Motion – Notice to Court Complaint Questions Concerning Prior Court Proceedings (R. 45), a Motion to Request Status of Complaint for KDOC Commissioner Cookie Crews ADA Violations (R. 50), and a Motion to Request Untimely Response be Deemed an Admission Pursuant to Rule 36(a)(3) (R. 52). The Wellpath Defendants responded to Gallman's Rule 36 motion (R. 54), but no responses were filed as to the other two motions. All pending motions now stand submitted for review.

## II.   ANALYSIS

### A.   Wellpath's Motions to Dismiss

---

[5] Gallman also filed a Motion to Request Response-Objections to Defendant Wellpath's Motion to Dismiss be Extended until Legal-Materials Available. (R. 48 (signed August 27, 2025)). However, Gallman's Response to Wellpath's original Motion to Dismiss has been received and docketed by the Clerk of Court. (R. 47 (signed September 2, 2025)). His motion for additional time (R. 48) will therefore be denied as moot.

Wellpath has filed a Motion to Dismiss and a Renewed Motion to Dismiss; these motions should be denied without prejudice. (*See* R. 41: R. 53). To begin, the Motions do not specify the grounds—for instance, what provision of Federal Rule of Civil Procedure 12—upon which they are based. *See Watts v. Logan*, No. 0:25-CV-10-DLB, R. 36 at Page ID 578 therein (E.D. Ky. Jan. 13, 2026) ("The Court has thoroughly reviewed the submissions of the parties, and will deny the defendants' motion to dismiss for several reasons. First, procedurally the motion fails to identify the rule under which it seeks dismissal."). Further, Wellpath filed an Answer, making many defenses under Rule 12(b) unavailable to it. *See* Fed. R. Civ. P. 12(b), (h).

Moreover, the Motions simply point to the Bankruptcy Court's Confirmation Plan and assert Gallman's claims against it should be dismissed. (*See, e.g.*, R. 41 at Page ID 651 (stating Wellpath's Motion is "based on the discharge of claims pursuant to a plan of reorganization confirmed by the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas")). Here, it is worth noting that the Confirmation Plan is *extrinsic* to what is contained in Gallman's Amended Complaint. And, even if the Court were to take judicial notice of such, *cf. McNulty v. Arctic Glacier, Inc.*, No. 08-CV-13178, 2016 WL 465490, at *10 (E.D. Mich. Feb. 8, 2016) ("However, in ruling on a motion to dismiss, the Court may consider in addition to the Complaint, the following, without converting the motion to one for summary judgment: (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency."), Wellpath's claims to entitlement are conclusory and unsupported by citation to case law. *See Hunter v. Kerstein*, No. 4:24-CV-00562-DPM-JJV, 2025 WL 3548893, at *2 (E.D. Ark. Oct. 28, 2025), *report and recommendation adopted*, No. 4:24-CV-562-DPM-JJV, 2025 WL 3544636 (E.D. Ark. Dec. 10,

5

2025*)* (recommending dismissal of Wellpath employees' motion to dismiss because *"*Defendants [had] not cited to <u>any</u> caselaw supporting their contention that they are entitled to dismissal" (emphasis in original)).

To be sure, Wellpath has failed to engage with the filings of record. For example, Gallman filed a Response to the Motion to Dismiss and to the Renewed Motion to Dismiss, but Wellpath did not reply to either Response. Thus, Gallman's argument that his claims against Wellpath were not discharged in the bankruptcy proceedings "for willful, gross negligent, fraudulent conduct" (R. 47 at Page ID 830) go unchallenged or addressed by Wellpath. Other courts have explained that questions regarding dischargeability are within the exclusive jurisdiction of the bankruptcy court, *see Minges v. Cnty. of Berrien*, No. 1:23-CV-01308, 2025 WL 3528895, at *2 n.3 (W.D. Mich. Nov. 5, 2025), *report and recommendation adopted*, No. 1:23-CV-1308, 2025 WL 3527715 (W.D. Mich. Dec. 9, 2025), but the point remains that Wellpath has not addressed the issue.

Further, Wellpath characterizes Gallman "as alleging injuries occurring on, or about, March 12, 2024, and alleged damages that are ongoing." (*See, e.g.*, R. 41 at Page ID 652). But Gallman's Amended Complaint alleges that certain *actions* by Wellpath were occurring at the time that pleading was filed in February 2025. (*See* R. 10 at Page 237). And, in his Responses, he claims these dates matter, given that they occurred after Wellpath's bankruptcy petition was filed in November 2024. (*See* R. 47 at Page ID 830; *see also* R. 56 at Page ID 1052). Again, Wellpath has not replied in support of either of its motions, meaning it has not addressed Gallman's timing arguments. Wellpath only points to the Confirmation Plan in support of its requests for dismissal, but that document is not a model of clarity, and without any argument or other legal support, the Court is reluctant to speculate on Wellpath's position. *See Hunter*, 2025 WL 3548893, at *1 (recommending Wellpath employees' motion to dismiss be denied because defendants only

6

pointed to the Confirmation Plan and their "four-page Motion and Supporting Brief do not adequately explain or point to the relevant provisions of the Plan or the Third-Party Release contained therein that allegedly establish that they are entitled to dismissal").

On the present record, the Court will recommend that Wellpath's Motions to Dismiss be denied without prejudice.[6] Indeed, other courts within the Sixth Circuit have taken similar approaches when addressing dispositive motions filed by Wellpath that have relied on the Bankruptcy Proceedings as the grounds for the relief sought. *See, e.g.*, *Gregory v. M.D.O.C.*, No. CV 23-11957, 2025 WL 2466029, at *4 (E.D. Mich. Aug. 26, 2025) (denying a motion to dismiss by Wellpath without prejudice because "[t]he Court believes it should have a clearer understanding of . . . the impact, generally, of the bankruptcy resolution on [the plaintiff's] claims in this case before ruling on Wellpath's motion to dismiss").

### B.  Gallman's Motions

Gallman has made several motion filings. First, he filed a Motion for Preliminary Injunctive Relief – TRO [] to Comply with Title II of the ADA, which concerns his request for MAT while in KDOC custody. (R. 43). Commissioner Crews responded to Gallman's motion for injunctive relief, advising that Gallman was going to be screened by a physician for the "Medication Assisted Treatment for Opioid Abuse Disorders ('MAT') Program provided in the Kentucky Department of Corrections" and asking that Gallman's motion be denied as moot. (R. 46). Gallman has since confirmed that "Commissioner Crews did order review of the denial of prescribed medical treatment and the treatment was provided as prescribed which makes injunctive relief for medications moot." (R. 50 at Page ID 842). In such a posture, it will be recommended

---

[6] Should this recommendation be adopted and/or should Wellpath choose to renew its bankruptcy argument in future filings, it "should refer to the specific page numbers of the relevant portions of the Bankruptcy Order and Reorganization Plan, which [it] did not do in the current motion[s]." *Hunter*, 2025 WL 3548893, at *2 n.3.

that Gallman's Motion for Preliminary Injunctive Relief – TRO [] to Comply with Title II of the ADA (R. 43) be denied as moot.

Next, Gallman filed a Motion – Notice to Court Complaint Questions Concerning Prior Court Proceedings. (R. 45). It is unclear what relief, if any, Gallman seeks through this filing. *See* LR 7.1(a) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."). This motion (R. 45) will therefore be denied.

Gallman has also filed a Motion to Request Status of Complaint for KDOC Commissioner Cookie Crews ADA Violations. (R. 50). Here, Gallman requests "the Court to order KDOC to state the status of the remaining issue concerning KDOC" and represents "the only remaining relief requested from KDOC concerns injunctive relief, accommodations for deaf-HOH and serious mental illness." (*Id.* at Page ID 842-43 ("Relief requested is Commissioner Crews to simply order review of records and ensure compliance with ADA[.]")). However, up until this time, deadlines for discovery and for the filing of dispositive motions have not been set. Indeed, the "status" of Gallman's claim regarding treatment of deaf-HOH inmates is a matter he may explore through appropriate discovery mechanisms.[7] (*Cf. id.* at Page ID 843 ("Review by Commissioner Crews may lead to ADA claim becoming moot avoiding discovery and the Court[']s resources while ensuring proper accommodations are available during hearings as required by law.")). His motion for a status update (R. 50) will therefore be denied.

Finally, Gallman has filed a Motion to Request Untimely Response be Deemed an Admission Pursuant to Rule 36(a)(3). (R. 52). For background, Gallman mailed his First Set of Requests for Admission to Defendant Gullett in September 2025. (*See* R. 54-1 at Page ID 1031-

---

[7] Gallman has filed a "Motion to compel KDOC Commissioner Crews to produce the requested records and to answer interrogatories using available information in KDOC control." (R. 59). The Court will address that filing by separate Order.

32 (certificate of service signed September 17, 2025; envelope postmarked September 23, 2025)). Gullett originally served responses to Gallman on October 17, 2025, but they were sent to an incorrect address (Eastern Kentucky Correctional Complex rather than Lee Adjustment Center). (R. 51). A second copy of the defense's responses were then sent to Gallman on October 28, 2025. (*Id.*).

Through his Motion, Gallman asks the Court to find that the Wellpath Defendants' discovery responses were untimely served and to declare them admitted under Rule 36(a)(3). (R. 52). Wellpath, Phipps, Gullett, and Wilson filed a Response to the Motion, in which they argue that, because no requests for admission had been mailed to Phipps, Wilson, or Wellpath, they cannot be deemed to have admitted any item. (R. 54). The defense further argues that an "internal clerical error" led to the responses being sent to Gallman at the incorrect facility and should not lead to any matters being deemed admitted as to Gullett.[8] (*Id.*).

Requests for Admission are governed by Federal Rule of Civil Procedure 36. *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."). Notably, "[r]equests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rather, "Rule 36's proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Dassault Systemes, SA v. Childress*, No. 09-10534, 2013 WL 12181775, at *6 (E.D. Mich. Sept. 5, 2013) (internal quotation marks omitted).

---

[8] The Wellpath Defendants have not argued that Gallman's discovery requests were premature. *See generally* Fed. R. Civ. P. 26(d)(1); *see also* Fed. R. Civ. P. 26(a)(1)(B). The Court therefore proceeds to address the merits of Gallman's discovery motion.

9

> Subsection (a)(3) of Rule 36—upon which Gallman relies—further provides that:
>
> > [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3). Under Rule 5(b)(2)(C), "service is complete upon mailing," and Gallman's Certificate of Service for his requests for admission is signed September 17, 2025. (R. 54-1 at Page ID 1031). Gullett then served responses 30 days later, on October 17, 2025. (R. 51). But those responses were not received by Gallman because they were sent to an incorrect facility. (*See* R. 54).

Still, even assuming this clerical error would cause the Wellpath Defendants' discovery responses to be considered untimely because the responses were sent to the wrong address, that does not mean Gallman's discovery motion should be granted. Instead, Rule 36(b) provides that:

> [a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

Concerning the dual considerations of this rule—presentation on the merits and prejudice—courts have found the first prong satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. 1999) (unpublished table decision) (internal quotation marks omitted). Further, concerning the second prong, "the prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (citation modified). "Prejudice under Rule 36(b), rather, relates to special difficulties a party may face

10

caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (internal quotation marks omitted).

Discovery in this action has not yet closed, meaning the parties still have an opportunity to obtain relevant documents and information to support their positions. This posture, combined with the circuit's strong preference for cases to be decided on their merits, *see generally Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986), leads the Court to find Gallman's request under Rule 36 lacking on this record. His discovery motion (R. 52) will therefore be denied. *See Kerry Steel*, 106 F.3d at 154 ("A district court has considerable discretion over whether to permit withdrawal or amendment of admissions." (internal quotation marks omitted)).

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

1)  Gallman's Motion – Notice to Court Complaint Questions Concerning Prior Court Proceedings (R. 45) is hereby **denied**;

2)  Gallman's Motion to Request Response – Objections to Defendant Wellpath's Motion to Dismiss be Extended until Legal-Materials Available (R. 48) is hereby **denied**;

3)  Gallman's Motion to Request Status of Complaint for KDOC Commissioner Cookie Crews ADA Violations (R. 50) is hereby **denied**; and

4)  Gallman's Motion to Request Untimely Response be Deemed an Admission Pursuant to Rule 36(a)(3) (R. 52) is hereby **denied**.

Further, **IT IS RECOMMENDED** that:

1)  Wellpath's Motion to Dismiss (R. 41) and Renewed Motion to Dismiss (R. 53) **be denied**; and

2) Gallman's Motion for Preliminary Injunctive Relief – TRO [] to Comply with Title II of the ADA (R. 43) **be denied as moot**.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and the Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 10th day of February, 2026.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil ashland\2025\25-12-DLB Order + R&R.docx